Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOLR MEDIA GROUP, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-2058<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>**(17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, BackGrid USA, Inc., complains against Defendant Holr Media Group, Inc. and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), 28 U.S.C. § 1332, and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the injury suffered by Plaintiff took place in this judicial district, and Defendants have purposefully directed their activities to California. Defendants are subject to the personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff BackGrid, USA Inc. ("BackGrid") is a California corporation existing under the laws of California, with its principal place of business located in Los Angeles, California.

4. On information and belief, Defendant Holr Media Group, Inc. ("Holr"), is a corporation that exists under the laws of Ontario, Canada. On information and belief, its principal place of business is located in Ontario, Canada.

5. The true names or capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

6. BackGrid owns and operates one of Hollywood's largest celebrity-

photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers, and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand works, BackGrid owns coveted photographs of Kim Kardashian, Selena Gomez, Kendall Jenner, Beyonce, Olivia Wilde, Kendall Jenner, and Tom Sandoval (the "Celebrity Photographs") among many others. Each of the Celebrity Photographs at issue in this action is timely registered. BackGrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. The copyright registration information is attached hereto as Exhibit A.

*Defendant and Its Willfully Infringing Activity*

8. Defendant Holr owns and operates Holrmagazine.com ("Website"), which is a fashion, lifestyle, and travel website. On information and belief, it generates revenues from selling advertisement space and displaying advertisements side-by-side with compelling content. For example, Holr displayed advertisements of "Skims," a brand famously owned by Kim Kardashian, alongside infringing photographs of Ms. Kardashian and her sisters which belong to BackGrid and are at issue in this litigation.

9. Defendants reproduced, distributed, displayed, and created unauthorized derivative works of the Celebrity Photographs on the Website without consent or license, as shown in Exhibit B, which is incorporated herein by reference. (With respect to the Kendell Jenner photograph, Exhibit B contains both a print-to-pdf copy of the webpage and a screengrab of the photo at issue.)

10. Defendants violated federal law by willfully infringing BackGrid's

copyrights to at least 15 Celebrity Photographs on, at least, the Website.

11. Defendants knew they did not have the right to post the Celebrity Photographs. Among other things, BackGrid's agent sent Defendant a demand letter on or around March 20, 2023. It followed up no less than five times attempting to get a response. Despite receipt of BackGrid's demand letter, Defendants continued to infringe at least 14 of the timely registered photographs identified in its correspondence. Moreover, in many instances it credited BackGrid in the photo caption, demonstrating that it had an understanding that BackGrid had rights to the photographs, but declined to license the photos regardless.

12. Defendants induced, caused, or materially contributed to the reproduction, distribution, and public display of the Celebrity Photographs and derivatives thereof, all while knowing or having reason to know of the infringement on the Website was without permission, consent, or license.

13. On information and belief, Defendant operates and controls the Website at all times relevant to this dispute and financially benefits from the infringement of the Celebrity Photographs displayed thereto. On information and belief, Defendants has driven significant traffic to their Website, and therefore increased its revenues, in large part due to the presence of the sought after and searched-for Celebrity Photographs that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions. Each of the infringements were discovered within 3 years of the filing of this lawsuit.

14. BackGrid attempted to resolve this dispute prior to filing this above captioned action Holr refused to engage in any discussion and many of the Celebrity Photos are still live.

## FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)

15. BackGrid incorporates by reference the allegations in paragraphs 1 through 14 above.

16. BackGrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

17. BackGrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

18. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid's copyrights by reproducing, displaying, distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

19. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid.

20. BackGrid has identified at least 15 instances of infringement by way of the unlawful reproduction and display of BackGrid's photographs.

21. As a result of the acts of Defendants alleged herein, BackGrid has suffered substantial economic damage.

22. Defendants have willfully infringed, and unless enjoined, will continue to infringe BackGrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from BackGrid's copyrights.

23. The wrongful acts of Defendants have caused, and are causing, injury to BackGrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid seeks a declaration that Defendants are infringing BackGrid's copyrights

1 and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

24. The above-documented infringements alone would entitle BackGrid to a potential award of up to $150,000 per work in statutory damages for each of the 15 infringed photographs, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photographs of BackGrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated:  March 13, 2024

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

---

7

**COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff BackGrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: March 13, 2024

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan

*Attorneys for Plaintiff,*
BackGrid USA, Inc.